UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW LEVY and ANTHONY RONDOLETTO, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WESTFIELD BANK, <br><br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 3:24-cv-30004-MGM |

## **FINAL APPROVAL ORDER**

**WHEREAS**, the Parties in the above-captioned class action ("Action") entered into a Settlement Agreement dated December 29, 2023 (the "Agreement," "Settlement Agreement," or "Settlement");

**WHEREAS**, on July 9, 2024, the Court entered a Preliminary Approval Order, which, *inter alia*: (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Fed. R. Civ. P. 23; (iii) appointed Matthew Levy as Settlement Class Representative for the APPSN Class and appointed Anthony Rondoletto as Settlement Class Representative for the Retry Class; (iv) appointed KalielGold PLLC, Tanowitz Law Office, P.C., and Gibbs Law Group LLC as Settlement Class Counsel; (v) approved the form and manner of the Class Notice; and (vi) set a hearing date to consider final approval of the Settlement;

**WHEREAS**, Class Notice was provided to all persons identified in the Settlement Class Member List in accordance with the Court's Preliminary Approval Order by individual mailings to all persons in the Settlement Class who could be reasonably identified;

1

**WHEREAS**, on January 16, 2025, at 2:00 p.m., at the United States District Court for the District of Massachusetts, 300 State Street, Suite 120, Springfield, Massachusetts 01105, The Honorable Mark G. Mastroianni held a hearing to determine whether the Settlement was fair, reasonable, and adequate ("Final Approval Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.   This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

B.   This Order incorporates the definitions in the Settlement Agreement, and all terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

C.   The Class Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice.

D.   The Settlement set forth in the Agreement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Settlement Class Representatives and Defendant to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the number of opt-outs from the Settlement, objections by Settlement Class Members, and the opinion of competent counsel concerning such matters. The Court has considered duly filed objections to the Settlement, if any, and to the extent such objections have not been withdrawn, superseded, or otherwise resolved, they are overruled and denied in all respects on their merits.

E.   The distribution plan proposed by the Parties is fair, reasonable, and adequate.

F.   The Settlement Class Representatives have fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.   The Settlement set forth in the Settlement Agreement is approved as fair, reasonable, and adequate. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

2.   All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

3.   The appointment of Matthew Levy as Settlement Class Representative for the APPSN Class and the appointment of Anthony Rondoletto as Settlement Class Representative for the Retry Class are affirmed.

4.   The appointment of KalielGold PLLC, Tanowitz Law Office, P.C., and Gibbs Law Group LLC as Settlement Class Counsel is affirmed.

5.   The Court affirms the finding that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23 for purposes of the Settlement in that: (a) the Settlement Classes are so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Classes; (c) the claims or defenses of the Settlement Class Representatives are typical of the claims or defenses of the Settlement Classes; (d) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Classes, and have retained experienced counsel to represent them; (e) the questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6.   Judgment shall be, and hereby is, entered dismissing the Action with prejudice, without taxation of costs in favor of or against any Party.

7.     The Settlement Class Representatives and each Settlement Class Member, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf are hereby conclusively deemed to have completely released and forever discharged Westfield, and each of its parents, subsidiaries, affiliates, officers, directors, employees, attorneys, shareholders, agents, assigns, and third party suppliers and vendors (collectively, the "Released Parties"), from any claim, right, demand, charge, suit, matter, damage, loss, complaint, action, cause of action, obligation, or liability of any and every kind and description, from the beginning of the world until today, that arises out of common law, state law, or federal law, whether by Constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, apparent or unapparent, matured or unmatured, disclosed or undisclosed, accrued or unaccrued, latent or patent, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that were or could have been asserted in the Action, or which could be raised in the future, in any court, tribunal, forum, or proceeding, arising out of, in connection with, or relating in any way to the allegations made in the Action or the underlying facts and circumstances, including, but not limited to, that Westfield was allegedly assessing improper APPSN Fees and Retry Fees on Accounts (the "Released Claims").  The Settlement Class Representatives, and all Settlement Class Members, are hereby conclusively deemed to have waived any statutes, laws, or legal principles of any state providing, in effect, that a release does not extend to claims that the releasing party does not know or suspect to exist when executing the release and that, if known, would have affected his or her settlement with the released party, or language similar in purpose.

8.     The Settlement Class Representatives and all Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Claims against any of the Released Parties.

9. The distribution plan as described in the Class Notice to all persons identified in the Settlement Class Member List is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the distribution plan or amendments thereto shall not operate to terminate or cancel the Settlement Agreement or affect the finality of this Final Approval Order.

10. The Court hereby decrees that neither the Settlement Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

11. Settlement Class Counsel is awarded attorneys' fees in the amount of $169,983.00 and costs in the amount of $14,709.59, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Settlement Class Representatives are awarded service awards of $5,000 each, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Settlement Administrator is awarded its Settlement Administration Expenses in an amount not to exceed $65,464.00, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

12. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed

pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

13. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment in the Action.

14. In the event that this "Final Approval Order" does not become "Final", as defined in Paragraph I.21 of the Settlement Agreement, then the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Settlement Agreement.

15. The Court adjudges that the Settlement Class Representatives and all Settlement Class Members shall be bound by this Final Approval Order.

17. Upon the entry of this Order, the Settlement Class Representatives and all Settlement Class Members shall be enjoined and barred from asserting any claims against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims.

**IT IS SO ORDERED.**

DATED: 1/23, 2025

HONORABLE MARK G. MASTROIANNI
UNITED STATES DISTRICT JUDGE